| | |
|---|---|
| KRISTIAN DUKES, DEBRA CAUTHEN AND QUINCY HILLS,<br><br>    PLAINTIFFS,<br><br>V.<br><br>CFRA, LLC,<br><br>    DEFENDANT. | Case No. _____ |

## COMPLAINT

Plaintiffs, Kristian Dukes, Debra Cauthen and Quincy Hills bring this cause of action against Defendant, CFRA, LLC., for sexual harassment and retaliation in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 et seq. (hereinafter "THRA").

## PARTIES

1. Kristian Dukes, (hereinafter "Plaintiff"), is a citizen and resident of Davidson County, Tennessee.

2. Debra Cauthen, (hereinafter "Plaintiff"), is a citizen and resident of Rutherford County, Tennessee.

3. Quincy Hills, (hereinafter "Plaintiff"), is a citizen and resident of Davidson County, Tennessee.

4. CFRA, LLC, (hereinafter "Defendant"), is a Delaware, LLC, registered to conduct business as a foreign LLC in Tennessee with all members of the LLC residing outside of the State of Tennessee, and operates restaurants known as IHOP. The location where Plaintiffs work and where the harassing behavior occurred is IHOP store #4442 in Hermitage, Davidson County, Tennessee.

## JURISDICTION AND VENUE

5. The parties have diversity of citizenship; therefore, this Court has jurisdiction pursuant to 28 U.S.C §1332 in that the parties are citizens of separate states and the amount in controversy exceeds $75,000.

6. Venue is proper as the acts alleged herein occurred in the Middle District of Tennessee.

## FACTS

7. Plaintiffs are all females.

8. While employed by Defendant at its Hermitage location, store #4442, Plaintiffs were subjected to sexual comments and actions that were objectively offensive and which subjectively offended Plaintiffs, all of which constituted a hostile work environment.

9. The following examples of the harassing incidents of behavior toward each of the Plaintiffs include, but are not limited to, the following conduct of by a male co-employee:

   a. Touching Plaintiffs with his crotch and asking, "if they feel that";

   b. Touching Plaintiffs bodies in a sexual way;

   c. Unwelcome and offensive sexual comments and actions regarding his sex life;

   d. Sexual harassment of other individuals in the presence of Plaintiffs, about which Plaintiffs were aware;

   e. Stating the sexual acts that he wants to perform or engage in with Plaintiffs; and

   f. The comments and actions of said co-employee are too numerous to list herein and will be further delineated in discovery and at trial.

10. Plaintiffs reported the harassing behavior to the General Manager; however, no reasonable efforts were made to prevent the harassment from continuing.

11. Further, the General Manager personally observed numerous incidents of harassment by the co-employee to Plaintiffs herein, as well as other female employees.

12. Pursuant to the complaints of Plaintiffs, the General Manager told Plaintiffs that she had reported the sexual harassment to Human Resources. The day following one of Plaintiffs' complaints, the General Manager placed the harassing co-employee in said Plaintiff's section in retaliation.

13. Plaintiffs' counsel notified corporate counsel for Defendant of the harassment at Defendant's location, store #4442, cited herein above. The next day, two Plaintiffs were sent home during their normal shifts, and the manager stated she had not decided whether they were terminated or not.

14. Upon their return to work and despite hearing northing from the General Manager, Plaintiffs were allowed to work without being terminated, however, said General Manager began to make inappropriate comments to Plaintiffs.

15. Plaintiffs have suffered embarrassment and humiliation as well as emotional damages due to the harassing behavior.

## CAUSES OF ACTION

16. Plaintiffs adopt paragraphs 1 - 15 as though fully repeated herein.

17. The complained of conduct described herein violates the THRA both as sexual harassment and retaliation for reporting the harassment.

## DAMAGES

18. As a result of the harassment Plaintiffs have been subjected to at work, Plaintiffs suffered and will continue to suffer embarrassment, humiliation, mental anguish, and stress, for which they

are entitled to compensatory damages under the THRA. Plaintiffs sue for all damages available under the THRA.

19. Plaintiffs sue for lost income and front pay if discharged.

20. Plaintiffs further sue for attorneys' fees, court costs and discretionary costs if they are the prevailing party in this litigation, as authorized by the THRA.

**WHEREFORE** Plaintiffs pray that:

1. Plaintiffs be allowed to file this Complaint and that Defendant be required to answer the Complaint in the time provided by law;

2. After the discovery process, this case be heard on its merits;

3. Plaintiffs each be awarded $300,000 in compensatory damages for humiliation and embarrassment, among other damages;

4. Plaintiffs be awarded back pay and front pay, if any;

5. That Plaintiffs be awarded attorney's fees, court costs, discretionary costs and all further relief to which they are entitled; and

6. That Plaintiffs be awarded all further and general relief that the Court feels is appropriate in this case.

Respectfully Submitted,

s/ Mary A. Parker_____
Mary A. Parker #6016
Stephen Crofford #12039
**PARKER & CROFFORD**
1230 2nd Ave. S.
Nashville, TN 37210
Tel: 615-244-2445
Fax: 615-255-6037
mparker@parker-crofford.com
stephencrofford@msn.com
*Attorneys for Plaintiffs*